IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHY M. ROLAND, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | AP #: 05-___ |
| ) | |
| FRANKLIN COLLECTION SERVICE, INC., ) | 1:05CV1029 – W |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is a complaint for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act. 15 U.S.C. § 1692 et seq (hereinafter, "FDCPA").

2. The Plaintiff seeks damages based on the Defendant's form debt collection letter dated October 27, 2004 as violating the FDCPA for false and misleading representations, false representation of the legal status of a debt, the false representation that nonpayment will result in garnishment, the threat to take action that cannot legally be taken or that is not intended to be taken, the use of false representation or deceptive means to collect a debt, and the unauthorized practice of law.

### II. JURISDICTION AND VENUE

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. Venue before this Court is proper pursuant to 28 U.S.C. § 1409.

4. This complaint contains both core and non core proceedings pursuant to 28 U.S.C. § 157.

### III. PARTIES

5. Plaintiff, Kathy M. Roland, is a natural person and is a resident of Houston County, Alabama.

6. Defendant, Franklin Collection Service, Inc. (hereinafter, "Franklin Collection"), is a Mississippi corporation engaged in the debt collection business. Its principal place of business is located at 2978 West Jackson Street, Tupelo, Mississippi 38803.

7. The Defendant is engaged in the collection of debts from consumers using the mail and telephone. The Defendant regularly attempts to collect consumer debt alleged to be due another. As such, the Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

8. The Defendant mailed Plaintiff, Kathy M. Roland, a form debt collection letter dated October 27, 2004. A copy of the debt collection letter mailed to Mrs. Roland is attached hereto as Exhibit "A."

9. The letter identified as Exhibit "A" states in pertinent part that:

**"GARNISHMENTS ARE COSTLY!"**

"BECAUSE THE PROCESS SERVER, THE GARNISHEE AND THE COURT MUST BE PAID FOR THE SERVICE THEY RENDER AND ALL SUCH COSTS MAY BE CHARGED TO THE DEBTOR BY THE COURT, IF A JUDGEMENT IS ENTERED."

"CASE NUMBER 007132951...."

10. The Defendant's form debt collection letter identified as Exhibit "A" violates various provisions of the FDCPA by creating a false sense of urgency, threatening to take action that cannot legally be taken or that is not intended to be taken, by using false and deceptive means to collect a debt, by making false or misleading representations, by mentioning post-judgment remedies, and by practicing law without a law license.

11. The statements in Defendant's form debt collection letter must be interpreted using the "unsophisticated consumer" standard.

## COUNT I - VIOLATION OF 15 U.S.C. § 1692e
### False or misleading representation.

13. Plaintiff, Kathy M. Roland, adopts and incorporates paragraphs 1 through 11 as if fully set out herein.

14. 15 U.S.C § 1692e prohibits the Defendant from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

15. As it pertains to a written form debt collection letter, the Defendant's collection letter must be absent of false, deceptive, or misleading representations.

16. The Defendant's form debt collection letter dated October 27, 2004 contains a deceptive or misleading representation by advising the Plaintiff that "**GARNISHMENTS ARE COSTLY!**"

17. The letter further advises the Plaintiff that "THE PROCESS SERVER, THE GARNISHEE, AND THE COURT MUST BE PAID FOR THE SERVICE THEY RENDER AND ALL SUCH COSTS MAY BE CHARGED TO THE DEBTOR BY THE COURT...."

18. Both debt collection letters compound the deception and the misleading representations by referencing a case number 0075132951.

19. The Defendant's repeated reference to garnishments, garnishee, court costs, process servers, and court costs are both false and misleading insomuch as there is no judgment in place to allow Defendant to collect any such costs. Furthermore, the Defendant is prohibited from mentioning post judgment remedies when no lawsuit has been filed.

20. The Defendant's form debt collection letter is both misleading and deceptive to an unsophisticated consumer because it leads the consumer to believe that garnishment is imminent, is all but certain, and that other costs will be added to the alleged debt. That is, the letter creates a belief that garnishment is a certainty.

21. The Defendant's violation of 15 U.S.C § 1692e renders it liable for statutory damages, costs, and reasonable attorney fees. 15 U.S.C § 1692k.

## COUNT II - VIOLATION OF 15 U.S.C. § 1692e(2)
### Falsely representing the legal status of any debt.

22. Plaintiff, Kathy M. Roland, adopts and incorporates paragraphs 1 through 21 as if fully set out herein.

23. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from falsely representing the legal status of any debt.

24. In the Defendant's form debt collection letter dated October 27, 2004, the Defendant's letter states **"GARNISHMENTS ARE COSTLY!"** and further states that "THE PROCESS SERVER, THE GARNISHEE, AND THE COURT MUST BE PAID FOR THE SERVICE THEY RENDER AND ALL SUCH COSTS MAY BE CHARGED TO THE DEBTOR...."

25. The Defendant's repeated reference to garnishments and costs charged to the Plaintiff constitutes a false representation of the legal status of the alleged debt.

26. The unsophisticated consumer believes that the Defendant has secured a garnishment and intends to act on that garnishment unless the Plaintiff immediately pays the alleged debt.

27. The Defendant's continual reference to garnishment evidences intimidation of the Plaintiff to pay a debt even though the Defendant has no legal right to garnishment.

28. The Defendant's violation of 15 U.S.C. § 1692e(2)(A) renders it liable for statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1692k.

## COUNT III - VIOLATION OF 15 U.S.C. § 1692e(4)
### Falsely representing that nonpayment of debt will result in garnishment where action is not lawful or debt collector does not intend to take such action.

29. Plaintiff, Kathy M. Roland, adopts and incorporates paragraphs 1 through 28 as if fully set out herein.

30. 15 U.S.C. § 1692e(4) prohibits the debt collector from representing or implying that nonpayment of a debt will result in the garnishment of any property or wages where such action is unlawful and the debt collector does not intend to take such action.

31. The Defendant's form debt collection letter dated October 27, 2004 sets forth the implication that nonpayment of the alleged debt will result in garnishment.

32. The Defendant's form debt collection letter, Exhibit "A," informs the Plaintiff that garnishments are costly and that he must pay for a process server, the garnishee, and for the Court.

33. The unsophisticated consumer, in interpreting the Defendant's statements, would believe that a garnishment was either pending or all but certain.

34. The continued reference to garnishments implies that the Defendant has every intent and ability to garnish the Plaintiff's wages.

35. The sole purpose of continually mentioning garnishment was to coerce and intimidate the Plaintiff and to prompt payment of the alleged debt. The unsophisticated consumer believes that a garnishment was a virtual certainty.

36. The Defendant has no lawful right to garnish the Plaintiff's wages.

37. The Defendant had no present intent to garnish the Plaintiff's wages.

38. The Defendant's violation of 15 U.S.C. § 1692e(4) renders it liable for statutory damages, costs, and reasonable attorney fees.

### COUNT IV - VIOLATION OF 15 U.S.C. § 1692e(10)
### False representation or deceptive means in attempting to collect a debt.

39. Plaintiff, Kathy M. Roland, adopts and incorporates paragraphs 1 through 38 as if fully set out herein.

40. 15 U.S.C. § 1692e(10) prohibits the Defendant from using false representation or deceptive means to attempt to collect a debt.

41. In the Defendant's form debt collection letter, Exhibit "A," the Defendant repeatedly and falsely alluded to a garnishment and the costs thereof. The reference to garnishment and the costs were knowingly deceptive and false concerning the legal relief available to the Plaintiff.

42. The Defendant's form debt collection letter, Exhibit "A," falsely states that "THE PROCESS SERVER, THE GARNISHEE, AND THE COURT MUST BE PAID FOR THE SERVICE THEY RENDER...." This statement is blatantly false in that neither the process server nor the garnishee are required to pay a fee.

43. This statement regarding garnishments leads the less sophisticated consumer to believe that no legal relief is available to prevent garnishment. In fact, the unsophisticated consumer believes that the garnishment is all but certain.

44. The Defendant's violation of 15 U.S.C. § 1692e(10) renders it liable for statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1692k.

### COUNT V - VIOLATION OF 15 U.S.C. § 1692e(10)
### Practicing law without a license.

45. Plaintiff, Kathy M. Roland, adopts and incorporates paragraphs 1 through 44 as if fully set out herein.

46. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect any debt.

47. The Defendant's form debt collection letter, Exhibit "A," states that "BECAUSE THE PROCESS SERVER, THE GARNISHEE, AND THE COURT MUST BE PAID FOR THE SERVICE THEY RENDER AND ALL SUCH COSTS MAY BE CHARGED TO THE DEBTOR BY THE COURT, IF A JUDGEMENT IS ENTERED."

69. The Defendant's statement in its form debt collection letter in Exhibit "A" constitutes a legal opinion resulting in the unauthorized practice of law.

70. The Defendant's violation of 15 U.S.C. § 1692e(10) renders it liable for statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff, Kathy M. Roland, respectfully requests this Honorable Court enter judgment against the Defendant, Franklin Collection Service, Inc., for the following:

a.) Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

b.) Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and,

c.) For such other relief that is just.

Respectfully submitted,

ESPY, METCALF & POSTON, P.C.

_____
David G. Poston
Post Office Drawer 6504
Dothan, AL 36302
334-793-6288
334-712-1617 facsimile
Email: lt@emppc.com