IN THE UNITED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHY M. ROLAND, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:05 CV-1029-W |
| | ) |
| FRANKLIN COLLECTION SERVICE, INC., | ) |
| | ) |
|     Defendant. | ) |

**ANSWER OF DEFENDANT FRANKLIN COLLECTION SERVICE, INC.**

Defendant Franklin Collection Service, Inc. ("Franklin") answers plaintiff Kathy Roland's ("Plaintiff") complaint as follows:

**COMPLAINT**

**I. INTRODUCTION**

1.  This paragraph does not require a response from Franklin as the complaint speaks for itself.

2.  This paragraph does not require a response from Franklin as the complaint speaks for itself.

**II. JURISDICTION AND VENUE**

3.  Franklin admits that the Complaint states a federal question pursuant to 28 U.S.C. § 1331. Franklin lacks sufficient information to admit that this Court has jurisdiction pursuant to 28 U.S.C. § 1334. Franklin denies that venue is proper in this Court based upon the Final Order entered by the United States District Court for the

1

Northern District of Alabama in *Germany Graham v. Franklin Collection Service, Inc.*, Case No. CV-04-HGD-3312-W.

    4.    Franklin cannot or admit or deny this allegation as it calls for a legal conclusion.

### III. PARTIES

    5.    Franklin lacks sufficient information to either admit or deny this allegation.

    6.    Franklin admits that it is a Mississippi corporation headquartered in Tupelo, Mississippi. Franklin cannot or admit or deny the remaining allegations as they call for a legal conclusion.

    7.    Franklin cannot or admit or deny this allegation as it calls for a legal conclusion.

    8.    Franklin lacks sufficient information at this time to either admit or deny this allegation.

    9.    This paragraph does not require a response from Franklin as the documents speaks for itself.

    10.    Denied.

    11.    Denied.

### COUNT I – VIOLATION OF 15 U.S.C. § 1692e
### False or misleading representation

    13.[1]    Franklin incorporates by reference all previous responses as if set forth here.

---

[1] Paragraph 12 was omitted in the complaint.

14. This paragraph does not require a response from Franklin as the statute speaks for itself.

15. This paragraph does not require a response from Franklin as the statute speaks for itself.

16. Denied.

17. This paragraph does not require a response from Franklin as the document speaks for itself.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

Franklin denies that Plaintiff is entitled to any of the relief sought in Count I.

**COUNT II – VIOLATION OF 15 U.S.C. § 1692e(2)**
**Falsely representing the legal status of any debt.**

22. Franklin incorporates by reference all previous responses as if set forth here.

23. This paragraph does not require a response from Franklin as the statute speaks for itself.

24. This paragraph does not require a response from Franklin as the document speaks for itself.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

Franklin denies that Plaintiff is entitled to any of the relief sought in Count II.

### COUNT III – VIOLATION OF 15 U.S.C. § 1692e(4)
### Falsely representing that nonpayment of debt
### will result in garnishment where action is
### not lawful or debt collector does not
### intend to take such action.

29. Franklin incorporates by reference all previous responses as if set forth here.

30. This paragraph does not require a response from Franklin as the statute speaks for itself.

31. This paragraph does not require a response from Franklin as the document speaks for itself.

32. This paragraph does not require a response from Franklin as the document speaks for itself.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

Franklin denies that Plaintiff is entitled to any of the relief sought in Count III.

### COUNT IV - VIOLATION OF 15 U.S.C. § 1692e(10)
### False representation or deceptive means in
### attempting to collect a debt.

39. Franklin incorporates by reference all previous responses as if set forth here.

40. This paragraph does not require a response from Franklin as the statute speaks for itself.

41. This paragraph does not require a response from Franklin as the document speaks for itself. Franklin denies the remaining allegations of this paragraph.

42. Denied.

43. Denied.

44. Denied.

Franklin denies that Plaintiff is entitled to any of the relief sought in Count IV.

### COUNT V – VIOLATION OF 15 U.S.C. § 1692e(10)
### Practicing law without a license.

45. Franklin incorporates by reference all previous responses as if set forth here.

46. This paragraph does not require a response from Franklin as the statute speaks for itself.

47. This paragraph does not require a response from Franklin as the document speaks for itself.

69.[2] Denied.

70. Denied.

Franklin denies that Plaintiff is entitled to any of the relief sought in Count V.

All allegations not expressly admitted are denied.

Franklin denies that Plaintiff is entitled to any of the relief sought in her Complaint.

---

[2] Plaintiff's complaint omits paragraphs 48-68.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Franklin pleads that this Court lacks jurisdiction over this claim and that venue is not proper.

### SECOND DEFENSE

Franklin generally denies each and every material allegation and demands strict proof thereof. The Complaint fails to state a claim for which relief can be granted.

### THIRD DEFENSE

Franklin denies that it is guilty of any unfair, deceptive, intentional or otherwise wrongful conduct.

### FOURTH DEFENSE

Franklin pleads that any alleged violation of the Fair Debt Collection Practices Act was not intentional, was the result of a bona fide error and was not committed with malice or willful intent.

### FIFTH DEFENSE

Plaintiff=s causes of action are barred, in whole or in part, by the statutory exemptions and defenses set forth in Chapter 41, Subchapter 1 of Title 15 of the United States Code, including but not limited to § 1692a.

### SIXTH DEFENSE

Franklin denies that it committed any act or omission which is actionable.

### SEVENTH DEFENSE

Some or all of Plaintiff=s claims are barred by waiver, release, accord and satisfaction, estoppel, collateral estoppel, *res judicata*, judicial estoppel, laches, the

applicable statutes of limitation, and/or unclean hands.

### EIGHTH DEFENSE

Franklin pleads that Plaintiff's consent, acquiescence, waiver, and license bar some or all of her claims.

### NINTH DEFENSE

Franklin pleads that Plaintiff did not comply with the notice requirements in the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.*

### TENTH DEFENSE

Franklin pleads that Plaintiff=s alleged injuries were the result of her negligence. Alternatively, Franklin pleads that Plaintiff negligently contributed to her alleged injuries and/or assumed the risk of injury.

### ELEVENTH DEFENSE

Franklin pleads lack of causal relation.

### TWELFTH DEFENSE

Franklin pleads that Plaintiff has suffered no damages. In the alternative, Franklin plead that Plaintiff has failed to mitigate her damages.

### THIRTEENTH DEFENSE

Franklin pleads lack of agency.

### FOURTEENTH DEFENSE

Franklin pleads that the alleged acts or omissions were committed by a third-party that was not acting under the authority or control of Franklin. Alternatively, Franklin pleads that any acts or omissions committed by a third-party were beyond the scope of their apparent or actual authority.

## FIFTEENTH DEFENSE

Franklin pleads that a reasonably prudent person would not find the subject letter to be false, misleading, or threatening and pleads that Plaintiff's subjective beliefs or impressions were not reasonable.

## SIXTEENTH DEFENSE

Franklin pleads that it maintained reasonable procedures maintained to assure compliance with the Fair Debt Collection Practices Act.  Alternatively, Franklin pleads that any alleged violation of the Fair Debt Collection Practices Act was not intentional.

## SEVENTEENTH DEFENSE

Franklin asserts that, to the extent that punitive damages are claimed:

A. Awarding punitive damages against Franklin in this case would violate the constitutional safeguards afforded to Franklin under the Constitution of the State of Alabama;

B. Awarding punitive damages in this case would violate the constitutional safeguards afforded to Franklin under the Constitution of the United States;

C. Awarding punitive damages this case would violate the constitutional safeguards afforded to Franklin under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague, excessive, not rationally related to any legitimate governmental interest, not appropriate under the facts in this case, and cannot be constitutionally imposed;

D. Awarding punitive damages in this case would violate Article 1, Section 6, of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive

damages are vague, excessive, not rationally related to any legitimate governmental interests, not appropriate under the facts in this case, and cannot be constitutionally imposed;

  E. Awarding punitive damages in this case would violate the procedural safeguards provided to Franklin under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature, and, consequently, Franklin is entitled to the same procedural safeguards accorded to criminal defendants under the Constitution of the United States and under the Constitution of the State of Alabama;

  F. Imposing punitive damages, which are penal in nature, against Franklin and compelling Franklin to testify and disclose potentially incriminating documents into evidence violates the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States;

  G. Imposing punitive damages, which are penal in nature, against Franklin and compelling Franklin to disclose potentially incriminating documents into evidence violates Article 1, Section 6, of the Constitution of the State of Alabama;

  H. Imposing punitive damages, which are penal in nature, against Franklin and placing a burden of proof on the plaintiffs which is less than "beyond a reasonable doubt" burden of proof required in criminal cases violates the rights guaranteed by the Constitution of the United States and the Constitution of the State of Alabama;

  I. Imposing punitive damages in an excessive amount, under the circumstances of this case, and/or in excess of criminal fines which could be imposed for the same conduct, would be discriminatory, a deprivation of due process, and a violation of equal protection rights guaranteed by the Fourteenth Amendment to the Constitution of

9

the United States and Article 1, Sections 1, 6, and 22 of the Constitution of the State of Alabama;

J. Any punitive damages claimed by the plaintiffs violate the Excess Fine Clause of the Eighth Amendment to the United States Constitution;

K. Allowing a jury to impose private civil fines against Franklin by using its own subjective judgment in setting the range of permissible punishments for each offense violates the Separation of Powers doctrine embodied by Article I, Section 1, Article II, Section 1, and Article III, Section 1 of the Constitution of the United States and Sections 43 and 44 of the Constitution of the State of Alabama;

L. The provisions of Alabama law pursuant to which punitive damages are awarded, and which govern the right to recover punitive damages or the determination of punitive damages would cause Franklin to be treated differently from other similarly situated persons and entities by subjecting Franklin to liability beyond the actual loss, if any, caused by Franklin's conduct, and to liability imposed on a standardless and unprincipled basis, as a result of which Franklin would be denied the equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution;

M. Franklin asserts that under any circumstances punitive damages should not exceed those listed in Alabama Code § 6-11-21 (no more than three times compensatory damages or $500,000 whichever is greater);

N. To the extent that punitive damages are imposed, they should not exceed the ratio articulated by the United States Supreme Court in <u>State Farm Mutual Automobile Insurance Company v. Campbell</u>.

## EIGHTEENTH DEFENSE

An award of mental anguish damages violates the United States Constitution and the Alabama Constitution in at least the following respects:

A. Awarding mental anguish damages in this case violates the Due Process Clause of the Fourteenth Amendment as the standard for imposing them is vague, excessive, not rationally related to any legitimate governmental interest, not appropriate under the facts in this case, and cannot be constitutionally imposed;

B. Awarding mental anguish damages in this case would violate Article 1, Section 6, of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that mental anguish damages are vague, excessive, not rationally related to any legitimate governmental interests, not appropriate under the facts in this case, and cannot be constitutionally imposed;

C. The provisions of Alabama law pursuant to which mental anguish damages are awarded, and which govern the right to recover mental anguish damages or the determination of mental anguish damages would cause Franklin to be treated differently from other similarly situated persons and entities by subjecting Franklin to liability beyond the actual loss, if any, caused by Franklin's conduct, and to liability imposed on a standardless and unprincipled basis, as a result of which Franklin would be denied the equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution, deprived of its property without due process of law in violation of the Fifth and Fourteenth Amendment;

  D. Awarding mental anguish damages in this case would violate the procedural safeguards provided to Franklin under the Sixth Amendment to the Constitution of the United States in that mental anguish damages are penal in nature, and, consequently, Franklin is entitled to the same procedural safeguards accorded to criminal defendants under the Constitution of the United States and under the Constitution of the State of Alabama;

  E. Imposing mental anguish damages, which are penal in nature, against Franklin and compelling Franklin to testify and disclose potentially incriminating documents into evidence violates the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States;

  F. Imposing mental anguish damages, which are penal in nature, against Franklin and compelling Franklin to disclose potentially incriminating documents into evidence violates Article 1, Section 6, of the Constitution of the State of Alabama;

  G. Imposing mental anguish damages, which are penal in nature, against Franklin and placing a burden of proof on the plaintiffs which is less than "beyond a reasonable doubt" burden of proof required in criminal cases violates the rights guaranteed by the Constitution of the United States and the Constitution of the State of Alabama;

  H. Imposing mental anguish damages in an excessive amount, under the circumstances of this case, and/or in excess of criminal fines which could be imposed for the same conduct, would be discriminatory, a deprivation of due process, and a violation of equal protection rights guaranteed by the Fourteenth Amendment to the Constitution of

the United States and Article 1, Sections 1, 6, and 22 of the Constitution of the State of Alabama;

I.      Any mental anguish damages claimed by the plaintiffs violate the Excess Fine Clause of the Eighth Amendment to the United States Constitution; and

J.      Allowing a jury to impose mental anguish damages against Franklin by using its own subjective judgment in setting the range of permissible punishments for each offense violates the Separation of Powers doctrine embodied by Article I, Section 1, Article II, Section 1, and Article III, Section 1 of the Constitution of the United States and Sections 43 and 44 of the Constitution of the State of Alabama.

## NINETEENTH DEFENSE

Franklin reserves the right to assert additional defenses as they become know.

/s Gregory C. Cook
One of the Attorneys for Defendant
Franklin Collection Service, Inc.

**OF COUNSEL:**

Gregory C. Cook
Sean W. Shirley
BALCH & BINGHAM LLP
1710 6th Avenue North
Birmingham, Alabama 35203
205-226-8761 (phone)
205-226-8798 (facsimile)

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 23rd day of November, 2005, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record; or a copy has been served via first-class United States mail, postage prepaid, on counsel/parties as indicated by the Court's notice.

                                            /s Gregory C. Cook
                                            Of Counsel